UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY DEWAYNE WILLIAMS,

Petitioner,

v.

ROBERT NEUSCHMID,

Respondent.

No. 2:18-cv-2954-MCE-EFB P

FINDINGS AND RECOMMENDATIONS

Petitioner is a California state prisoner who, represented by counsel, brings an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted in the San Joaquin County Superior Court of two counts of carjacking (Pen. Code, § 215, subd. (a)), two counts of second degree robbery (§ 211); and one count of dissuading a witness (§ 136.1, subd. (b)(1)). ECF No. 12-8 at 8. Firearms enhancements pursuant to §§ 12022.5(a)(1) and 12022.53(b) were applied to each count. ECF No. 12-8 at 8. The immediate habeas petition raises the following claims: (1) he is entitled to resentencing with respect to his firearm enhancements under California Senate Bill 620; and (2) that the state court violated the prohibition against double jeopardy when it imposed a consecutive – rather than concurrent – sentence for the second carjacking conviction (Count 2).

For the reasons stated below, the court recommends that this petition be denied in its entirety.

1

# FACTUAL BACKGROUND

In August of 2011, Robert Older and Shane Jauregui were travelling by car from southern California to Sacramento. They had audio and video equipment worth approximately 50,000 dollars which they were selling on commission and out of the back of their vehicle. The two men stopped in Stockton and saw petitioner at a local gas station. Older approached petitioner, and the two negotiated a deal in which the latter agreed to buy some home theater equipment. Petitioner had passengers in his car, however, and told Older that he would need to take them home before fitting the items into his car. Older agreed to proceed to a nearby shopping center parking lot where they would complete the transaction after the latter drove his passengers home.

Older and Jauregui waited in the market parking lot for a short time. Petitioner returned with two other men. Older conferred with petitioner at the back of the vehicle while Jauregui moved into the driver's seat of the car. After a short time, petitioner beckoned to the two men that accompanied him, put Older in a headlock, and placed a firearm against Older's neck. Petitioner then ordered Jauregui out of the car. One of petitioner's companions opened the car door and pulled Jauregui out.

Petitioner took Older and Jauregui's wallets and other pocket items. Petitioner's companions jumped into the victims' vehicle and drove off with all of the equipment. Petitioner left in his own car, but not before warning Older not to call the police or he would find and kill him.

A security guard and a supermarket employee witnessed the events and, after petitioner and his companions had left, loaned a cell phone to the victims. Older and Jauregui called their boss and then the police to report the robbery. The victims described petitioner to Garret Schumacher – the investigating officer. Schumacher was familiar with petitioner and, based on the description, had a hunch that he was involved. He took the victims to the police station and created a six-pack photo line-up that he presented to each victim separately. Both selected photographs of petitioner.

/////

/////

The following day, Older and Jauregui, now accompanied by their boss, located their stolen vehicle near the shopping market where they had been robbed. It had been emptied of the audio and visual equipment.

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

### I. Applicable Statutory Provisions

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d) constitutes a "constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus." *(Terry) Williams v. Taylor*, 529 U.S. 362, 412 (2000). It does not, however, "imply abandonment or abdication of judicial review," or "by definition preclude relief." *Miller El v. Cockrell*, 537 U.S. 322, 340 (2003). If either prong (d)(1) or (d)(2) is satisfied, the federal court may grant relief based on a de novo finding of constitutional error. *See Frantz v. Hazey*, 533 F.3d 724, 736 (9th Cir. 2008) (en banc).

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state law procedural principles to the contrary. *Id.* at 784-785 (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785.

### A. "Clearly Established Federal Law"

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. *Lockyer v. Andrade*, 538 U.S. 63, 71 72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

### B. "Contrary To" Or "Unreasonable Application Of" Clearly Established Federal Law

Section 2254(d)(1) applies to state court adjudications based on purely legal rulings and mixed questions of law and fact. *Davis v. Woodford*, 384 F.3d 628, 637 (9th Cir. 2003). The two clauses of § 2254(d)(1) create two distinct exceptions to AEDPA's limitation on relief. *Williams*, 529 U.S. at 404-05 (the "contrary to" and "unreasonable application" clauses of (d)(1) must be given independent effect, and create two categories of cases in which habeas relief remains available).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." *Id.* at 405. This includes use of the wrong legal rule or analytical framework. "The addition, deletion, or alteration of a factor in a test established by the Supreme Court also constitutes a failure to apply controlling Supreme Court law under the 'contrary to' clause of the AEDPA." *Benn v. Lambert*, 283 F.3d 1040, 1051 n.5 (9th Cir. 2002). *See, e.g., Williams*, 529 U.S. at 391, 393 95 (Virginia Supreme Court's ineffective assistance of counsel analysis "contrary to" *Strickland*[1] because it added a third prong unauthorized by *Strickland*); *Crittenden v. Ayers*, 624 F.3d 943, 954 (9th Cir. 2010) (California Supreme Court's *Batson*[2] analysis "contrary to" federal law because it set a higher bar for a prima facie case of discrimination than established in *Batson* itself); *Frantz*, 533

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

[2] *Batson v. Kentucky*, 476 U.S. 79 (1986).

4

F.3d at 734 35 (Arizona court's application of harmless error rule to *Faretta*[3] violation was contrary to U.S. Supreme Court holding that such error is structural). A state court also acts contrary to clearly established federal law when it reaches a different result from a Supreme Court case despite materially indistinguishable facts. *Williams*, 529 U.S. at 406, 412 13; *Ramdass v. Angelone*, 530 U.S. 156, 165 66 (2000) (plurality op'n).

A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407 08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 21 (2003). This does not mean, however, that the § (d)(1) exception is limited to applications of federal law that "reasonable jurists would all agree is unreasonable." *Williams*, 529 U.S. at 409 (rejecting Fourth Circuit's overly restrictive interpretation of "unreasonable application" clause). State court decisions can be objectively unreasonable when they interpret Supreme Court precedent too restrictively, when they fail to give appropriate consideration and weight to the full body of available evidence, and when they proceed on the basis of factual error. *See, e.g., Williams*, 529 U.S. at 397-98; *Wiggins*, 539 U.S. at 526 28 & 534; *Rompilla v. Beard*, 545 U.S. 374, 388 909 (2005); *Porter v. McCollum*, 558 U.S. 30, 42 (2009).

The "unreasonable application" clause permits habeas relief based on the application of a governing principle to a set of facts different from those of the case in which the principle was announced. *Lockyer*, 538 U.S. at 76. AEDPA does not require a nearly identical fact pattern before a legal rule must be applied. *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007). Even a general standard may be applied in an unreasonable manner. *Id.* In such cases, AEDPA deference does not apply to the federal court's adjudication of the claim. *Id.* at 948.

Review under § 2254(d) is limited to the record that was before the state court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). The question at this stage is whether the state court

---

[3] *Faretta v. California*, 422 U.S. 806 (1975).

5

reasonably applied clearly established federal law to the facts before it. *Id.* In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." *Id.* at 1399.

Where the state court's adjudication is set forth in a reasoned opinion, § 2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." *Frantz*, 533 F.3d at 738 (emphasis in original). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In *Richter*, *supra*, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. *Richter*, 131 S. Ct. at 786.

### C. "Unreasonable Determination Of The Facts"

Relief is also available under AEDPA where the state court predicated its adjudication of a claim on an unreasonable factual determination. Section 2254(d)(2). The statute explicitly limits this inquiry to the evidence that was before the state court.

Even factual determinations that are generally accorded heightened deference, such as credibility findings, are subject to scrutiny for objective reasonableness under § 2254(d)(2). For example, in *Miller El v. Dretke*, 545 U.S. 231 (2005), the Supreme Court ordered habeas relief where the Texas court had based its denial of a *Batson* claim on a factual finding that the prosecutor's asserted race neutral reasons for striking African American jurors were true. *Miller El*, 545 U.S. at 240.

An unreasonable determination of facts exists where, among other circumstances, the state court made its findings according to a flawed process – for example, under an incorrect legal standard, or where necessary findings were not made at all, or where the state court failed to consider and weigh relevant evidence that was properly presented to it. *See Taylor v. Maddox*, 366 F.3d 992, 999 1001 (9th Cir.), cert. denied, 543 U.S. 1038 (2004). Moreover, if "a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in a 'unreasonable determination' of the facts" within the meaning of § 2254(d)(2). *Id.* at 1001; *accord Nunes v. Mueller*, 350 F.3d 1045, 1055 (9th Cir. 2003) (state court's factual findings must be deemed unreasonable under section

2254(d)(2) because "state court . . . refused Nunes an evidentiary hearing" and findings consequently "were made without . . . a hearing"), *cert. denied*, 543 U.S. 1038 (2004); *Killian v. Poole*, 282 F.3d 1204, 1208 (9th Cir. 2002) ("state courts could not have made a proper determination" of facts because state courts "refused Killian an evidentiary hearing on the matter"), *cert. denied*, 537 U.S. 1179 (2003).

A state court factual conclusion can also be substantively unreasonable where it is not fairly supported by the evidence presented in the state proceeding. *See, e.g., Wiggins*, 539 U.S. at 528 (state court's "clear factual error" regarding contents of social service records constitutes unreasonable determination of fact); *Green v. LaMarque*, 532 F.3d 1028 (9th Cir. 2008) (state court's finding that the prosecutor's strike was not racially motivated was unreasonable in light of the record before that court); *Bradley v. Duncan*, 315 F.3d 1091, 1096 98 (9th Cir. 2002) (state court unreasonably found that evidence of police entrapment was insufficient to require an entrapment instruction), *cert. denied*, 540 U.S. 963 (2003).

II. The Relationship Of § 2254(d) To Final Merits Adjudication

To prevail in federal habeas proceedings, a petitioner must establish the applicability of one of the § 2254(d) exceptions and also must also affirmatively establish the constitutional invalidity of his custody under pre AEDPA standards. *Frantz v. Hazey*, 533 F.3d 724 (9th Cir. 2008) (en banc). There is no single prescribed order in which these two inquiries must be conducted. *Id.* at 736 37. The AEDPA does not require the federal habeas court to adopt any one methodology. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

In many cases, § 2254(d) analysis and direct merits evaluation will substantially overlap. Accordingly, "[a] holding on habeas review that a state court error meets the ' 2254(d) standard will often simultaneously constitute a holding that the [substantive standard for habeas relief] is satisfied as well, so no second inquiry will be necessary." *Frantz*, 533 F.3d at 736. In such cases, relief may be granted without further proceedings. *See, e.g., Goldyn v. Hayes*, 444 F.3d 1062, 1070 71 (9th Cir. 2006) (finding § 2254(d)(1) unreasonableness in the state court's conclusion that the state had proved all elements of the crime, and granting petition); *Lewis v. Lewis*, 321 F.3d 824, 835 (9th Cir. 2003) (finding § 2254(d)(1) unreasonableness in the state court's failure

to conduct a constitutionally sufficient inquiry into a defendant's jury selection challenge, and granting petition); *Williams v. Ryan*, 623 F.3d 1258 (9th Cir. 2010) (finding § 2254(d)(1) unreasonableness in the state court's refusal to consider drug addiction as a mitigating factor at capital sentencing, and granting penalty phase relief).

In other cases, a petitioner's entitlement to relief will turn on legal or factual questions beyond the scope of the § 2254(d) analysis. In such cases, the substantive claim(s) must be separately evaluated under a de novo standard. *Frantz*, 533 F.3d at 737. If the facts are in dispute or the existence of constitutional error depends on facts outside the existing record, an evidentiary hearing may be necessary. *Id.* at 745; *see also Earp*, 431 F.3d 1158 (remanding for evidentiary hearing after finding § 2254(d) satisfied).

## DISCUSSION

### I. SB 620 Claims

Petitioner argues that California Senate Bill 620 applies to him and that, under it, he is entitled to resentencing.[4] Petitioner raised his SB 620 claims in a petition for review to the California Supreme Court. ECF No. 12-18 at 17-24. The California Supreme Court summarily denied this petition for review. ECF No. 12-19.

#### A. Relevant Federal Law

A petitioner is entitled to federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam). "[F]ederal habeas relief does not lie for errors of state law[.]" *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

---

[4] SB 620 would not, if applied to petitioner's circumstances, result in an automatic strike or dismissal of his firearm enhancements. Rather, it would afford the trial court the discretion to strike those enhancements. *See* Cal. Penal Code §§ 12022.5(c) ("The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law."). Petitioner appears to recognize as much and argues that he is entitled to an opportunity to make his case for dismissal before the trial court. ECF No. 1-1 at 8.

8

B. <u>Analysis</u>

Petitioner's claims related to SB 620 do not state a cognizable federal habeas claim. Whether petitioner is potentially entitled to resentencing under SB 620 is solely a question of state law. As noted in the foregoing section, violations or errors of state law do not present cognizable claims on federal habeas review. *See Lewis*, 497 U.S. at 780; *see also Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review."). And petitioner may not convert a state law claim into a federal one merely by alleging – as he does here – that the state court's rejection of his desired application of SB 620 is a violation of his federal due process rights. *See*, *e.g. Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process."). Finally, district courts in this circuit have rejected similar claims. *See*, *e.g. McKinney v. Pfeiffer*, No. 15-5268, 2017 U.S. Dist. LEXIS 40646, at *4 (C.D. Cal. Jan. 11, 2017) ("[T]o the extent petitioner is challenging the superior court's denial of his application to reduce one of his convictions to a misdemeanor pursuant to Proposition 47, such claims are not cognizable on federal habeas review.").

Based on the foregoing, petitioner's claims arising under SB 620 must be denied.

II. <u>Double Jeopardy Claim</u>

Next, petitioner claims that the state court of appeal violated the prohibition on double jeopardy when it ruled that petitioner could be sentenced to consecutive prison terms for his carjacking convictions. He notes that the trial court imposed concurrent five-year terms for the two carjacking convictions and stayed punishment for the second under California Penal Code section 654.[5] The court of appeal subsequently determined that the trial court had erred when it concluded that it was required to stay punishment for the second carjacking conviction.

/////

/////

---

[5] California Penal Code section 654 provides in pertinent part that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Cal. Penal Code § 654.

Following remand, the trial court resentenced petitioner to the consecutive terms he now complains of. He presented this claim to the California court of appeal, which rejected it in a reasoned decision:

> Defendant contends double jeopardy barred the punishment for count 2. We disagree.
>
> "When a defendant successfully appeals a criminal conviction, California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing." (*People v. Hanson* (2000) 23 Cal.4th 355, 357.) There is an exception for an unauthorized sentence which may be corrected at any time, including on remand for resentencing even if a more severe sentence results.
>
> When a sentence is vacated for sentencing error and remanded for resentencing, the trial court can impose a greater sentence than the original if the sentence was unauthorized. (*See People v. Craig* (1998) 66 Cal.App.4th 1444, 1448, 1450 ["after successful appeal of a conviction a defendant may not upon reconviction be subjected to an aggregate sentence greater than that imposed at the first trial" but "an unlawful or unauthorized sentence may be increased without offending double jeopardy"].)
>
> Defendant argues the trial court originally imposed a concurrent midterm of five years for count 2 plus 10 years for the gun use. Defendant misreads the record. The trial court imposed sentence on counts 1 and 2, five years plus 10 years for both, but stayed sentence on count 2. The trial court concluded it was "require[d]" to stay sentence on count 2. In other words, the trial court believed that a stay was *mandatory*. In defendant's first appeal, we determined this was erroneous as defendant conceded (an issue defendant raised). We concluded that the trial court had misunderstood section 654, that is, it had legally erred and remanded for it to correct its ruling. "[A]n incorrect application of section 654 produces an unauthorized sentence which may be rectified on remand." (*People v. Price* (1986) 184 Cal.App.3d 1405, 1411; see also *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 431-438.) This court remanded for the trial court to exercise its sentencing discretion and determine whether to impose a concurrent or consecutive sentence or stay sentence on count 2. On remand, the court exercised its sentencing discretion and imposed a consecutive one-third the midterm or one year eight months for count 2 plus one-third the midterm or three years four months for the gun use. The trial court did not err in imposing a consecutive sentence on count 2.

ECF No. 12-15 at 12-13. Petitioner did not present this claim to the California Supreme Court.

### A. Relevant Federal Law

The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.

The Supreme Court has held that "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980). "[I]t is a well-established part of our constitutional jurisprudence that the guarantee against double jeopardy neither prevents the prosecution from seeking review of a sentence nor restricts the length of a sentence imposed upon retrial after a defendant's successful appeal." *Monge v. California*, 524 U.S. 721, 730 (1998) (citing *DiFrancesco*, 449 U.S. at 135) (internal quotation marks omitted).

B.     Analysis

As an initial matter, respondent argues that this claim is unexhausted and time-barred. The court finds these arguments persuasive, but finds it more expeditious to resolve this claim on its merits. *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (permitting a habeas court to deny an unexhausted claim on its merits when it is clear the claim is not colorable); *see also Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (a district court may address the merits without reaching procedural default issues where the interests of judicial economy are best served by doing so).

First, to the extent petitioner claims that the state court erred in its application of section 654, that claim fails. *See Watts v. Bonneville*, 879 F.2d 685, 687-88 (9th Cir. 1989) (holding that an alleged improper application of California Penal Code section 654 did not state a cognizable federal habeas claim). Second and with respect to petitioner's Double Jeopardy claim, the Supreme Court has made clear that "[t]he pronouncement of sentence simply does not have the qualities of constitutional finality that attend an acquittal." *Monge*, 524 U.S. at 729 (citing *DiFrancesco*, 449 at 134) (internal quotation marks omitted); *see also Bullington v. Missouri*, 451 U.S. 430, 438 (1981) ("The imposition of a particular sentence usually is not regarded as an 'acquittal' or any more severe sentence that could have been imposed. The Court generally has concluded, therefore, that the Double Jeopardy Clause imposes no absolute prohibition of a harsher sentence at retrial after a defendant has succeeded in having his original conviction set

/////

/////

11

aside.").[6]  In light of the foregoing precedent, it is impossible to conclude that the imposition of consecutive sentences upon remand violated the prohibition on Double Jeopardy. Thus, this claim should be denied.

CONCLUSION

For all the reasons explained above, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[6] In *Bullington*, the Supreme Court recognized a narrow exception to the exclusion of double jeopardy principles in sentencing for defendants facing capital punishment. 451 U.S. 430, 444-45 (1981).  That exception, obviously, has no applicability in the present case.